IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KIM JOHNSON-HOWARD,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 8:19-cv-00614-JRR |
| **AECOM SPECIAL MISSIONS SERVICES, INC.,** *et al.*, | * | |
| | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPINION AND ORDER**

The court has before it Plaintiff's Consent Motion to Seal Record (ECF No. 69; the "Motion.")

Plaintiff instituted this action five years ago. Save the Motion, at no time in the last five years has any party requested (1) that the record, or any part of it, be sealed or redacted; (2) leave to proceed pseudonymously; or (3) entry of a protective order to shield from publication anything otherwise set forth in the public record. The Motion omits to mention this considerable lapse of time and offers no explanation why, if the record be so sensitive as to require sealing, nothing was ever done about it until now. This militates against sealing the record; the court is not persuaded that the risks of harm and concerns described in the Motion are material or substantial, because evidently none of those risks or concerns has come to fruition or operated any harm on any party over the five years during which this action has been pending. The court also notes that grounds for the Motion include Defendants' purported interest in confidentiality, yet Defendants make no

affirmative representation to that effect and do not seek relief of any sort; the Motion is a consent motion, not a joint motion.

Moreover, the Motion fails to meet the standard of Local Rule 105.11, which requires "specific factual representations." The Motion makes oblique reference to "the sensitive nature" of Plaintiff's employment and "security clearance requirements," but does not present facts or information that justify the extraordinary relief sought. Instead, the Motion refers to Plaintiff's "concern" that her name in the record "could potentially jeopardize" her clearance, but no facts have been provided to suggest that her clearance is in fact at risk, that she has been so advised or warned, or how specifically her clearance requirements will be (or have been) violated.

With regard to Plaintiff's alternative request, the Motion seeks at once that Plaintiff's name be redacted and that she be permitted to proceed pseudonymously. They are not the same thing. Regardless, analysis of the *Jacobson* factors[1] does not yield favorable results: 1) This action does not bear on highly personal or sensitive subject areas such that Plaintiff's identity should be shielded from the public; 2) given the passage of more than five years, the court is not persuaded that Plaintiff is at risk of retaliatory or mental harm should she be denied leave to proceed pseudonymously; the protection of an innocent party is not at issue; 3) Plaintiff is not a minor; 4 and 5) the action is against private business entities[2] both of which consent to the relief, so there is no risk of unfairness. On balance, the factors weigh against the requested extraordinary relief. *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014).

---

[1] *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).
[2] "'When a Plaintiff challenges the government or government activity, courts are more like[ly] to permit Plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.'" *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) (quoting *Yacovelli v. Moeser*, No. 1:02-cv-596, 2004 U.S. Dist. LEXIS 9152, at *24-25 (M.D.N.C. May 20, 2014)). Unlike actions against private parties, "'[a]ctions against the government do no harm to its reputation[.]'" *Id.* (quoting *Doe v. Pittsylvania Cnty., Va.*, No. 4:11-cv-43, 2012 U.S. Dist. LEXIS 13618, at *10-11 (W.D. Va. Feb. 3, 2012)).

The Motion is **DENIED**.[3]

/S/

_____
Julie R. Rubin
United States District Judge

March 6, 2024

---

[3] Local Rule 105.11 provides in part: "If the motion is denied, the party making the filing will be given an opportunity to withdraw the materials." Inasmuch as the Motion requests the record be sealed in its entirety, the court discerns no practical manner in which to give effect to this portion of the rule.